JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Regina McFinley, appeals the judgment of the Hamilton County Court of Common Pleas convicting her of three counts of theft pursuant to R.C. 2913.02, a felony of the fifth degree as charged. She was convicted of the offenses after a bench trial.
At trial, the state presented evidence that McFinley was a branch manager for Jackson Hewitt, a tax preparation business that also offered loans against anticipated tax refunds. As a manager, McFinley prepared tax returns and had access to checks that her branch issued to loan recipients.
In 2002, McFinley's superiors became aware that three checks were missing from the office. Their investigation disclosed that one of the missing checks had been cashed by Terry Ledford at Sharefax Credit Union. The other two checks had been cashed by Steven Ledford, one check at Sharefax and the other at PNC Bank.
Terry Ledford testified that he and McFinley were friends. McFinley had prepared his tax return in 2002, and when he arrived to pick up his refund check, the receptionist at the branch gave him his check and another check, which was issued to another client of Jackson Hewitt, in the amount of $1946. According to Terry Ledford, the receptionist told him that he could keep a portion of the money if he cashed the check and brought the proceeds back to the office.
Steven Ledford, Terry Ledford's brother, also testified that he and McFinley were friends. Steven Ledford testified that McFinley's husband, Jermaine Broach, contacted him in early 2002 about cashing a check. He met with Broach and McFinley, and Broach gave him a check issued to a Jackson Hewitt client in the amount of $3989. Broach told Steven Ledford that, if he would cash the check, he could keep half of the proceeds. McFinley and Broach then followed him to the Sharefax Credit Union. Shortly thereafter, Steven Ledford went directly to the Jackson Hewitt branch, where McFinley gave him another check in the amount of $1110, with the understanding that he was again to cash it in exchange for half of the proceeds.
McFinley rested without presenting any evidence. The trial court found her guilty of six counts of theft, two relating to each of the checks. The trial count merged the counts for each check and sentenced McFinley to three consecutive eight-month terms of imprisonment.
In her first assignment of error, McFinley argues that she was denied the effective assistance of trial counsel. Specifically, she argues that counsel was ineffective in eliciting testimony that she had been terminated from her employment at Jackson Hewitt for failing to account for missing deposits. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[1]
We are not persuaded that McFinley was denied the effective assistance of counsel. Although we fail to understand why defense counsel pursued the contested line of questioning, we cannot say that McFinley was prejudiced. The testimony that counsel elicited indicated merely that McFinley had failed to follow proper procedures in documenting certain deposits and that the deposits had not been recovered. McFinley was not charged with any crime as a result of her conduct in this regard, and, in the context of a bench trial, we cannot say that the result would likely have been different had counsel refrained from asking the questions. The first assignment of error is overruled.
In her second assignment of error, McFinley argues that her convictions were based upon insufficient evidence and were against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
The theft statute, R.C. 2913.02(A)(1), provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."
In the case at bar, the convictions were in accordance with the evidence. As to the second check received by Steven Ledford, the evidence indicated that McFinley had directly given him the check and offered him a portion of its proceeds. Concerning the first check that Steven Ledford received, McFinley was also directly involved in meeting Steven Ledford and following him to the credit union to receive the proceeds.
And while Terry Ledford testified that he had received the check from a receptionist, the evidence also indicated that McFinley had prepared Terry Ledford's tax return and issued Terry Ledford's check. Based upon the evidence adduced as to the other offenses, in conjunction with the relationship between McFinley and Terry Ledford, as well as McFinley's access to the branch's checks, the trial court could have reasonably held that the state had proved her involvement in that offense. McFinley's argument that the trial court was required to consider each offense in a vacuum is unavailing: the trial court was justified in finding that there was a pattern to the offenses such that the state had established a modus operandi or plan under Evid.R. 404(B). The second assignment of error is overruled.
In her third and final assignment of error, McFinley argues that the trial court erred in sentencing her to three consecutive eight-month terms of imprisonment. She first argues that the trial court erred in imposing imprisonment for fifth-degree felonies. We find no merit to this argument. On the record, the trial court considered the factors set forth in R.C. 2929.13(B) and found that McFinley was not amenable to community control given her extensive criminal record and previous failures to abide by community-control sanctions. The court also made the requisite findings for giving more than the minimum sentence for a person who had not served a prison term, when it found that the minimum term would demean the seriousness of each of McFinley's offenses.[4]
The trial court also made the necessary findings for consecutive sentences, stating that consecutive terms were necessary to protect the public and to punish the offender, and that they were not disproportionate to the seriousness of the conduct and to the danger McFinley posed to the public, and further stating that McFinley's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public.[5] In stating its reasons for consecutive sentences, the court noted that McFinley had preyed upon lower-income clients of Jackson Hewitt and had been involved in other instances of theft for which she had not been charged. We find no impropriety in these findings and hold that consecutive sentences were justified.
McFinley is correct, though, that the trial court erred in failing to inform her, at the sentencing hearing, of the possibility of post-release control.[6] Accordingly, we vacate the sentence and remand the cause to the trial court so that it can properly advise McFinley in accordance with R.C.2929.19(B)(3). We sustain the third assignment of error to that extent only. In all other respects, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[3] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[4] R.C. 2929.14(B)(2).
[5] R.C. 2929.14(E)(4).
[6] See State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6343, at ¶ 20.